UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY SCALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-71 (HHK) |
| | ) |
| EXECUTIVE OFFICE FOR UNITED | ) |
| STATES ATTORNEYS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, Defendant hereby moves for summary

judgment. As Defendant demonstrates in the attached memorandum in support and statement of

undisputed facts, there are no genuine issues of material fact in this case and Defendant is

entitled to judgment as a matter of law. A proposed order is also attached.

Respectfully submitted,

_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/ Harry B. Roback_____
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309
harry.roback@usdoj.gov

April 29, 2008

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2008, I served plaintiff with Defendant's Motion for Summary Judgment, including the accompanying memorandum in support and declaration of D. Stearns by mailing it to the following address:

Anthony Scales
11302-083
USP Big Sandy
Box 2068
Inez, KY 41224

/s/ Harry B. Roback_____
Harry B. Roback

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY SCALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-71 (HHK) |
| | ) |
| EXECUTIVE OFFICE FOR UNITED | ) |
| STATES ATTORNEYS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PROPOSED ORDER**

Upon consideration of Defendant's Motion for Summary Judgment, it is hereby

ORDERED that the motion is GRANTED.

SO ORDERED.

Date: _____          _____
                                  United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY SCALES,                          )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  ) Civil Action No. 07-71 (HHK)
                                         )
EXECUTIVE OFFICE FOR UNITED              )
STATES ATTORNEYS,                        )
                                         )
          Defendant.                     )

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Anthony Scales, a prisoner who is proceeding pro se, filed the instant action against the

Executive Office For United States Attorneys ("EOUSA") pursuant to the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552.  Scales seeks the release of records relating to Deana

Hubbard, a.k.a. Deana Bartlett, that are allegedly in the possession of the United States

Attorney's Office for the Eastern District of Virginia ("USAO").

As the EOUSA demonstrates below, any information that would be responsive to

Scales's request would be exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(C)

("Exemption 7(C)").  Specifically, Exemption 7(C) protects from disclosure records compiled

for law enforcement purposes that could reasonably be expected to constitute an unwarranted

invasion of personal privacy.  Scales's request for information about a third-party (Hubbard)

meets this standard.  The EOUSA, therefore, properly declined to release any such information.

**BACKGROUND**

On January 4, 2006, Scales submitted a FOIA request to the USAO.  (Comp. Ex. A).

Scales requested all documents that relate to any "agreement made by [the USAO] to provide

assistance to Deana Hubbard 'AKA Deana Bartlett' for charges in Charlottesville, VA and

Oregon in exchange for her testimony in the case of <u>U.S. v. Scales</u>, No. 98-114-A." (<u>Id.</u>; <u>see also</u>

Stearns Decl. ¶ 4.)  In his Complaint, Scales made clear that he is seeking "all records in

connection with" Ms. Hubbard.  (Compl. ¶ 5.)  Scales did not submit a privacy waiver from Ms.

Hubbard with his FOIA request or indicate that Ms. Hubbard is deceased.

On January 25, 2007, the EOUSA informed Scales that without a privacy waiver from

Ms. Hubbard or proof of death, it could not confirm or deny the existence of records concerning

her and the USAO.  (<u>See</u> Stearns Decl. ¶¶ 6, 10 & Ex. C.)  This response is commonly referred

to as a "Glomar" response.  This term comes from the case of <u>Phillippi v. CIA</u>, 546 F.2d 1009

(D.C. Cir. 1976), which concerned a request for records about the Glomar Explorer (a ship

allegedly used by the CIA).  The CIA refused to confirm or deny the existence of responsive

records.

The EOUSA's response advised Scales that he had the right to appeal its decision to the

Office of Information and Privacy ("OIP"), the Department of Justice's appellate authority for

FOIA matters.  (<u>See</u> Sterns Decl. ¶¶ 6-7.)  On March 10, 2006, Scales filed an administrative

appeal with OIP.  (<u>See id.</u> ¶ 7 & Ex. D.)  On October 30, 2006, OIP affirmed the EOUSA's

response.  (<u>See id.</u> ¶ 9 & Ex. F.)  This litigation followed.

## LEGAL STANDARD

The Court may grant a motion for summary judgment if there is no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law.  <u>See</u> Fed. R. Civ. P.

56.  In a FOIA case, the Court may grant a motion for summary judgment based on the

information provided in a declaration by the defending agency.  <u>Valdez v. DOJ</u>, 474 F. Supp.2d

128, 130 (D.D.C. 2007).  The agency's declaration must "demonstrate that the information

withheld logically falls within the claimed exemption, and are not controverted by either

contrary evidence in the record nor by evidence of agency bad faith."  Id.

<div align="center">

**ARGUMENT**

</div>

## I.  THE EOUSA'S GLOMAR RESPONSE WAS PROPER

"If a third-party is the target of a FOIA request, the agency to which the FOIA request is

submitted may provide a 'Glomar' response; that is, the agency may refuse to confirm or deny

the existence of records or information responsive to the FOIA request on the ground that even

acknowledging the existence of responsive records constitutes an unwarranted invasion of the

targeted individual's personal privacy."  Id. at 131.  "A 'Glomar' response may be issued if

confirming or denying the existence of the records would associate the individuals named in the

request with criminal activity, and where members of the public may draw adverse inferences

from the mere fact that an individual is mentioned in investigative files of a law enforcement

agency."  Butler v. DEA, 2006 WL 398653, * 3 (D.D.C. Feb. 16, 2006) (internal citations

omitted); see also Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 893 (D.C. Cir. 1995)

("[A] Glomar response may be issued . . . if confirming or denying the existence of the records

would associate the individual named in the request with criminal activity.")  The EOUSA

properly issued a Glomar response in this case.

### A.    Scales's FOIA Request Seeks Law Enforcement Records

In making a Glomar response under Exemption 7(C), the agency must first demonstrate

that the records in question, if they exist, were compiled for law enforcement purposes.  See 5

U.S.C. § 552(b)(7)(C); John Doe Agency v. John Doe Corp., 493 U.S. 146, 153 (1989).  To

<div align="center">

3

</div>

satisfy this threshold requirement, the agency must show that any responsive records would have

been generated for the purpose of enforcing matters of civil, criminal, or administrative law.

See, e.g., Tax Analysts v. IRS, 294 F.3d 71, 77 (D.C. Cir. 2003).  The "focus is on how and

under what circumstances the requested files were compiled, and whether the files sought relate

to anything that can fairly be characterized as an enforcement proceeding."  Jefferson v. DOJ,

284 F.3d 172, 176-77 (D.C. Cir. 2002) (citations and internal quotation marks omitted).

    In this case, Scales seeks documents that the USAO may have created as part of its

prosecution of him.  (Compl. ¶ 5.)  In particular, Scales alleges that the USAO possessed

information related to charges pending against Hubbard in Oregon and Virginia and used that

information to help secure her testimony against Scales in a criminal proceeding against him.

(Id.)  Information collected by the USAO during a criminal prosecution is plainly for law

enforcement purposes.  The USAO is part of the Department of Justice and is specifically

responsible for, among other things, prosecuting individuals who violate federal laws.

Information that the USAO compiled about Hubbard during the course of prosecuting Scales

clearly "relate[s] to . . . an enforcement proceeding."  Jefferson, 284 F.3d at 176-77.  Indeed, that

is the precise reason why Scales wants the information.  (Compl. Ex. C) (stating that Scales

wants information relating to Hubbard to show prosecutorial misconduct in his criminal trial.)[1]

    Once the Court determines that Scales is seeking law enforcement records, the Court

---

[1]  Even if any responsive documents were not law enforcement records, they would still
be subject to Exemption 6, which exempts personal information about a third-party from
disclosure if it would constitute a clearly unwarranted invasion of personal privacy.  Barbosa v.
DEA, 2008 WL 833103, * 2 (D.D.C. March 28, 2008).  As the EOUSA sets forth below, the
release of information regarding Hubbard's involvement in criminal activity in Virginia and
Oregon would meet this standard.

should "balance the interest in privacy of individuals mentioned in the records against the public interest in disclosure." Valdez, 474 F. Supp.2d at 133 (citing U.S. Dep't of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 776 (1989)).

**B. Ms. Hubbard's Privacy Interest Is Substantial**

Hubbard has a "strong interest" in not being associated with criminal behavior. Fitzgibbon v. CIA, 911 F.2d 755, 767 (D.C. Cir. 1990) ("Exemption 7(C) takes particular note of the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity.") In his FOIA request, Scales alleges that Hubbard was charged with criminal violations in Oregon and Virginia. (Compl. ¶ 5.) Scales seeks the release of all documents in the possession of the USAO that relate to these alleged criminal charges against Hubbard and any offer by the USAO to assist Hubbard in resolving the alleged charges. (Id.)

However, "the names of and identifying information about third parties mentioned in law enforcement records routinely are withheld" from disclosure because they would constitute an unwarranted invasion of the third parties' personal privacy. Valdez, 474 F. Supp.2d at 133; Harrison v. EOUSA, 377 F. Supp.2d 141, 148 (D.D.C. 2005). Indeed, as this Court recently recognized, "simply confirming that the [USAO] has records on the individual in its possession, in and of itself, would constitute a violation of [the] individual's privacy." Valdez, 474 F. Supp.2d 133. Confirming that the USAO – an agency within the Department of Justice that specifically prosecutes individuals charged with violating federal laws – has records relating to Hubbard would constitute a significant invasion of her privacy. Butler, 2006 WL 398653, * 3 ("In cases involving personal data on private citizens in law enforcement records, the privacy

interest . . . is at its apex.").

The fact that Hubbard allegedly testified against Scales in a criminal proceeding "does not diminish or waive [Hubbard's] privacy interest." Valdez, 474 F. Supp.2d at 133; Butler, 2006 WL 398653, at * 4. As this Court recognized in Butler, "the fact that the identities of third parties have already been disclosed elsewhere does not diminish their privacy interest in not having other records disclosed." Butler, 2006 WL 398653, at * 4 (further noting that "[p]rior disclosure of personal information does not eliminate the privacy interest in avoiding further disclosure by the government.")

### C.  The Public's Interest In Disclosure Is Minimal

"The only *public* interest relevant for purposes of Exemption 7(C) is one that focuses on the citizens' right to be informed about what their government is up to." Valdez, 474 F. Supp.2d at 133 (emphasis added) (internal quotation marks omitted). In this case, Scales has not identified any public interest favoring disclosure of information regarding Hubbard. Rather, he claims that disclosure of the requested information will further his private interest "in shedding light on *possible* prosecutorial misconduct" in his criminal case. (Compl. Ex. C) (emphasis added). Scales's personal reason for requesting information about Hubbard falls far short of overriding the significant privacy interest that Hubbard has in not having any such documents be released. Valdez, 474 F. Supp.2d at 133.[2] As the Supreme Court noted in National Archives v. Favish, 541 U.S. 157, 165-172 (2004), the requester must show "more than a bare suspicion" of official misconduct; "rather, the requester must produce evidence that would warrant a belief by

----

[2]  Moreover, to the extent that Scales believes that the requested information should have been disclosed to him (or his counsel) during his criminal proceeding, then he should seek recourse in that proceeding.

6

a reasonable person that the alleged Government impropriety might have occurred." See also Barbosa, 2008 WL 833103, at * 2-3 (rejecting claim that the release of information regarding third-party who supplied evidence to law enforcement personnel was in the public interest). In this case, Scales's bare allegations about "possible" prosecutorial misconduct is insufficient. Id.

### CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion for Summary Judgment and enter judgment in favor of Defendants.

<div style="margin-left:40%">

Respectfully submitted,

_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/ Harry B. Roback
_____
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309
harry.roback@usdoj.gov

</div>

April 29, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY SCALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-71 (HHK) |
| | ) |
| EXECUTIVE OFFICE FOR UNITED | ) |
| STATES ATTORNEYS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S STATEMENT OF UNDISPUTED FACTS**

Pursuant to Local Rule 56, Defendant hereby submits the following statement of
undisputed facts in support of its motion for summary judgment in this Freedom of Information
Act ("FOIA") matter.

1. On January 4, 2006, Anthony Scales submitted a FOIA request to the United States
Attorney's Office for the Eastern District of Virginia ("USAO").  (Comp. Ex. A).

2. Scales requested all documents that relate to any "agreement made by [the USAO] to
provide assistance to Deana Hubbard 'AKA Deana Bartlett' for charges in Charlottesville, VA
and Oregon in exchange for her testimony in the case of U.S. v. Scales, No. 98-114-A."  (Id.; see
also Stearns Decl. ¶ 4.)

3. In his Complaint, Scales made clear that he is seeking "all records in connection with"
Ms. Hubbard.  (Compl. ¶ 5.)

4. Scales did not submit a privacy waiver from Ms. Hubbard with his FOIA request or
indicate that Ms. Hubbard is deceased.  (Id.)

5. On January 25, 2007, the EOUSA informed Scales that without a privacy waiver from
Ms. Hubbard or proof of death, it could not confirm or deny the existence of records concerning

her and the USAO.  (<u>See</u> Stearns Decl. ¶¶ 6, 10 & Ex. C.)

6.  The EOUSA's response advised Scales that he had the right to appeal its decision to the Office of Information and Privacy ("OIP"), the Department of Justice's appellate authority for FOIA matters.  (<u>See</u> Sterns Decl. ¶¶ 6-7.)

7.  On March 10, 2006, Scales filed an administrative appeal with OIP.  (<u>See</u> <u>id.</u> ¶ 7 & Ex. D.)

8.  On October 30, 2006, OIP affirmed the EOUSA's response.  (<u>See</u> <u>id.</u> ¶ 9 & Ex. F.) This litigation followed.

9.  The USAO is part of the United States Department of Justice.  (<u>See</u> <u>id.</u> ¶ 13.)

10.  The USAO is responsible for, among other things, prosecuting individuals who violate federal criminal statutes.  (<u>Id.</u>)

Respectfully submitted,

_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/ Harry B. Roback
_____
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309
harry.roback@usdoj.gov

April 29, 2008

2

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on April 29, 2008 I served plaintiff with Defendant's Statemet of Undisputed Facts by mailing it to the following address:

       Anthony Scales
       11302-083
       USP Big Sandy
       Box 2068
       Inez, KY 41224

                      /s/ Harry B. Roback
                      Harry B. Roback

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY SCALES )
)
Plaintiff, )
)
) Civil Action No. 07-71
V. )
)
EXECUTIVE OFFICE FOR )
UNITED STATES ATTORNEYS )
)
Defendants )

### DECLARATION OF DIONE J. STEARNS

I, Dione J. Stearns declare the following to be a true and correct statement of facts:

1)    I am an attorney advisor with the Executive Office for United States Attorneys

("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include:

acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in

responding to requests, referrals, and the litigation filed under both the Freedom of Information

Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5.U.S.C. §552a (1988)

("PA"); the review of FOIA/PA requests for access to records located in this Office and 93

United States Attorney's Offices ("USAO's") and the case files arising therefrom; the review of

correspondence related to requests; the review of searches conducted in response to requests; the

location of responsive records; and preparation of responses thereto by EOUSA to assure that

determinations to withhold (or to release) such responsive records are in accordance with the

provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28

1

C.F.R. §§ 16.3 et.seq. and §16.40 et.seq.).

    2)    As an attorney advisor of the FOIA/PA unit, EOUSA, I have authority to release and /or withhold records requested under the FOIA/PA, and to advocate the position of EOUSA in actions brought under the FOIA/PA. The statements I make hereinafter are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

    3)    Due to the nature of my official duties, I am familiar with procedures followed and actions taken by this Office in responding to the FOIA/PA request made to EOUSA by the above captioned Plaintiff, Anthony Scales (hereinafter referred to as "Mr. Scales").

    This declaration explains the procedures that were followed in responding to Plaintiff's January 4, 2006 request, referenced in his complaint dated December 14, 2006 and filed January 12, 2007.

## CORRESPONDENCE

    4)    By letter dated January 4, 2006 and received by EOUSA FOIA/PA on January11, 2006, Plaintiff made a request for information contained in the United States Attorney's Office (USAO) for the Eastern District of Virginia (EDVA). This request sought access to the following information:

> "Documented agreement made by the above referenced U.S. Attorneys' Office, to provide assistance to Deana Hubbard "AKA:Deana Bartlett for charges in Charlottesville, VA and Oregon in exchange for her testimony in the case of U.S. v. Scales, No. 98-114-A." (See Exhibit A).

    5)    By letter dated January 25, 2006 EOUSA acknowledged receipt of Mr. Scales' January 11, 2006 request and assigned Request Number 06-74 to it.

6)    In addition, EOUSA informed Mr. Scales that the records he requested concerned a

third party.  Records pertaining to a third party generally cannot be released absent express

authorization and consent of the third party, proof that the subject of his request is deceased or a

clear demonstration that he public interest in disclosure outweighs the personal privacy interest

and the significant public benefit would result from the disclosure of the requested records.

7)    In this letter EOUSA also advised that it had no record of receiving third party

authorization from Mr. Scales and that he had failed to meet the high standards set forth in

NARA v. Favish, 124 U.S. 1570 (2004), with regard to the public interest in disclosure because

he had neither alleged nor had it shown any government impropriety in connection with the

criminal prosecution [1]  Finally, EOUSA advised Mr. Scales that, if requested, any responsive

public records contained in the file would be released without express authorization or public

justification for release.

8)    This same letter notified Mr. Scales that EOUSA had invoked FOIA Exemptions 6

and 7(C), 5 U.S.C. §§ 552(b)(6) & (b)(7)(C), and Privacy Act Exemption (j)(2), 5 U.S.C. §

552a(j)(2), to withhold any responsive material.  EOUSA also advised Mr. Scales of his right to

file an administrative appeal with OIP.  (See Exhibit B.)

9)    By letter dated February 28, 2006, Mr. Scales filed an appeal to OIP.  By letter

dated October 30, 2006, OIP affirmed EOUSA's action on Mr. Scales Request.  (See Exhibits C

and D).

---

[1] In NARA v. Favish, 124 U.S. 1579 (2004), the Supreme Court adopted a higher
standard for evaluation of agency wrongdoing claims and held that a requester must produce
evidence that would warrant a belief by a reasonable person that an alleged Government
impropriety occurred before the public interest tips the balance in favor of disclosure.

3

## SEARCH

10)    EOUSA reviewed Mr. Scales request, and determined that the information

requested by him is exempt from disclosure pursuant to Exemptions 6 and 7(C); therefore,

EOUSA did not conduct a document-by-document search to locate the specific records requested

and believes it was justified in doing so.

11)    The USAO's Criminal Case Files (Justice/USA-007) and Administrative File

System (Justice/USA-001) are Privacy Act Systems of Records.  The Attorney General has

promulgated rules exempting these records from the Privacy Act's access provisions pursuant to

5 U.S.C.§ 552a(j)(2), which appear at 28 C.F.R. § 16.81 (2007).  The Privacy Act, subsection

(j)(2), exempts from mandatory disclosure all records maintained by an agency or component

performing as its principal function any activity pertaining to the enforcement of criminal laws.

The mission of the USAO is to enforce criminal and civil laws and defend the interests of the

United States, to provide Federal leadership in preventing and controlling crime, and to seek just

punishment for those found guilty of unlawful behavior.

12)    The responsive case files pertain to the criminal prosecution of a third-party

individual and were compiled for criminal law enforcement purposes by the USAO /EDVA

which performs as its principal function activities related to the enforcement of criminal laws.

4

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA[2]

### EXEMPTION 5 U.S.C. § 552(b)(7)(C)
### UNWARRANTED INVASION OF PERSONAL PRIVACY

13) Exemption (b)(7)(C) protects from disclosure records or information compiled for law enforcement purposes, if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. Exemption (b)(7)(C) also allows for a categorical approach to the balance of private and public interests for an appropriate type of law enforcement records or information. The USAO compiled all of the information contained in the responsive criminal prosecution file and the Victim/Witness file for the law enforcement purpose of prosecuting Mr. Scales in a criminal case.

14) It is well-recognized that individuals have a strong privacy interest in law enforcement records and that the mention of an individual's name in connection with a law enforcement file will engender comment and speculation, and carries a stigmatizing connotation. In addition, the fact that an event is not completely private does not mean that an individual has no interest in limiting disclosure or dissemination of the information. Likewise, an individual mentioned in law enforcement records does not lose all rights to privacy merely because his or her name has been disclosed. In fact, even public figures do not surrender all rights to privacy by placing themselves in the public eye, nor do witnesses who testify at trial.

---

[2] It should be stated herein, that absent a document-by-document search and review of any responsive records all applicable FOIA exemptions cannot be asserted at this time. Accordingly, EOUSA herein preserves the right to assert other applicable exemptions to any records that might be located should a document-by-document search be ordered by the Court in the course of this proceeding. As previously stated, however, EOUSA has taken categorical exemptions under the FOIA to protect all records responsive to Mr. Scales request.

15)    In this case, EOUSA invoked Exemption (b)(7)(C), in conjunction with Exemption
(b)(6), to categorically withhold all responsive records pertaining to the defendants and the
named witness involved in Mr. Scales criminal prosecution. In making this determination,
EOUSA determined that any records responsive to Plaintiff's request would be contained in the
criminal prosecution file pertaining to third-party individuals. EOUSA has determined that
criminal investigatory records, which are contained in criminal prosecution files, are the type of
law enforcement records where the balance characteristically tips in one direction due to the
strong privacy interest of the individuals named in these records. See Reporters Comm. at 776.
For this reason, in the absence of an overriding public interest in disclosure, consent from the
third parties or proof of their death, EOUSA categorically denied access to the third-party law
enforcement information requested by Mr. Scales pursuant to Exemption (b)(7)(C) because
disclosure of the requested information could reasonably be expected to constitute an
unwarranted invasion of this individual's privacy.[3]

16)    As stated above, Mr. Scales has not provided EOUSA with authorization from any
third party to release any privacy-protected information that might be contained in the responsive
files. Moreover, Mr. Scales has failed to meet his burden of establishing that there is any public
interest in disclosure that outweighs the strong privacy interest of the named third-party
individuals.

17)    EOUSA categorically applied this exemption to the third-party information in
conjunction with Exemption (b)(6).

---

[3]  EOUSA also routinely invokes Exemption (b)(6), in conjunction with Exemption
(b)(7)(C) to deny access to third-party information for the reasons stated infra at ¶¶ 14-19.

## EXEMPTION 5 U.S.C. §552(b)(6)
## CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY

18) Exemption (b)(6) permits the withholding of information contained in personnel, medical, and similar files, which if disclosed would constitute a clearly unwarranted invasion of personal privacy. This exemption protects from disclosure information that applies to a particular, identifiable individual. Specifically, this exemption prevents the unauthorized disclosure of personal information such as, a Social Security Number, a home address and telephone number, a date of birth, and details of a person's medical condition, as well as information that is neither intimate nor embarrassing to an individual.

19) EOUSA categorically invoked Exemption (b)(6), in conjunction with Exemption (b)(7)(C), to deny access to information pertaining to the named third party individuals because these individuals have a strong privacy interest in this information, and Mr. Scales has failed to establish an overriding public interest in disclosure. In addition, Mr. Scales has failed to provide EOUSA with consent from the third party individual, Deana Hubbard, or proof that she is deceased. Consequently, the third party individual's privacy interests in the requested law enforcement information outweigh the non-existent public interest in disclosure; therefore, to release any of the requested information would constitute a clearly unwarranted invasion of personal privacy.

20) Each step in the handling of the referred records has been entirely consistent with the EOUSA and the USAO/EDVA procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalties of perjury that the foregoing is true and correct.

7

Executed this 29th day of April , 2008

Dione J. Stearns
Attorney Advisor, EOUSA

<u>FREEDOM OF INFORMATION ACT REQUEST</u>

U.S. Attorneys' Office
(Alexandria Division)
2100 Jamieson Avenue
Alexandria, Va. 22314 - 57994

Date: 1-4-06

Pursuant to the **FREEDOM OF INFORMATION ACT, TITLE 5, UNITED STATES CODE § 552**, I hereby request access to and copies of the following information, documentation, and all related materials:

Documented ~~this~~ agreement made by the above referenced U.S. Attorneys' Office, to provide assistance to Deana Hubbard AKA "Deana Bartlett For charges in Charlottesville, Va and Oregon in exchange for her testimony in the case of U.S.v. Seal    No. 98-114-A

Pursuant to the **FREEDOM OF INFORMATION ACT**, unless an **EXTENSION** of time is requested, a response is due within ten (10) days from the date of this request.

REQUESTOR'S INFORMATION:
NAME: Anthony Scales                 FBI # _____
DATE OF BIRTH: _____           USM # 42777-083
PLACE OF BIRTH: Alexandria           ATF Case # _____
SOCIAL SECURITY No: _____

STATE OF Virginia
COUNTY OF _____

SUPPORTING DECLARATION

I, Anthony Scales        , upon my oath, under the penalty of perjury, do hereby state and Certify that: I, am the requestor and signer of this **FREEDOM OF INFORMATION ACT REQUEST**; I am Certifying this document because there is no Notary Public available at this time to notorize this document; And
FURTHER I SAYETH NOT.

This  4th   day of January ,200 6
WRITTEN NAME: Anthony Scales
PRINTED NAME: Anthony Scales

ADDRESS: USP Big Sandy
P.O. Box 2068
Inez, KY 41224



GOVERNMENT EXHIBIT
A

PG.2of2

## FREEDOM OF INFORMATION ACT REQUEST

      Any potential invasion of privacy concerns can and should be avoided by simply deleting the names and addresses of the other persons. I do understand that there is a fee for such information and if you would notify me as to what the  fee's are, and I will submit that amount to your office.
thank you.

                      Sincerely,

                      Anthony Scales

**ANY ADDITIONAL REQUEST, COMMENTS,AND OR STATEMENTS. (Below)**



**U.S. Departme     f Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757   Fax 202-616-6478*

Request Number: 06-74 _____     Date of Receipt: Jan. 11, 2006 _____

Requester: __Anthony Scales _____

Subject of Request: __Deana Hubbard (assistance) _____     **JAN 2 5 2006**

Dear Requester:

      The Executive Office for United States Attorneys has received your Freedom of Information Act request and assigned the above number to the request.

      You have requested records concerning a third party (or third parties). Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records. Since you have not furnished a release, death certificate, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C. § 552a. These records are also generally exempt from disclosure pursuant to sections (b)(6) and (b)(7)(C) of the Freedom of Information Act, 5 U.S.C. § 552.

      We have not performed a search for records and you must not assume that records concerning the third party exist. We will release, if requested, any public records maintained in our files, such as court records and news clippings, without the express of authorization of the third party, a death certificate, or public justification for release. If you desire to obtain public records, if public records exist in our files, please submit a new request for public documents.

      Should you obtain the written authorization and consent of the third party for release of the records please submit a new request for the documents accompanied by the written authorization. A form is enclosed to assist you in providing us the authorization and consent of the subject of your request. The authorization must be notarized or signed under penalty of perjury pursuant to 18 U.S.C. § 1001. **Please send your new request to the address above.**

      This is a final determination and your request for information will be closed. You may appeal my decision in this matter by writing within 60 days from the date of this letter, to:

(Page 1 of 2)
Form 006 - 1/06



GOVERNMENT EXHIBIT

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

William G. Stewart II
Acting Assistant Director

Enclosure

3/10/06 · 06-1437  FOIA
(A)
EOUSA

Anthony Scales
#11302-083
USP BIG SANDY
P.O. Box 2068
Inez, KY 41224

OFFICE OF INFORMATION
AND PRIVACY

MAR 1 0 2006

**RECEIVED**

Office of Information and Privacy                    February 28, 2006
United States Department of Justice
"Freedom of Information Act/Privacy Act Appeal"
Flag Building, Suite 570
Washington, D.C. 20530


RE: Request No. 06-74

     I, the requester Anthony Scales, hereby appeal the denial
of the above referenced FOIA request.

     As justification to deny me access to the requested records,
it was determined that the subject of request (Deana Hubbard)
is considered a third party and the release of records concerning
her would result in an unwarranted invasion of personal privacy
in violation of the Privacy Act, 5 U.S.C.§ 552a. and exempt
from disclosure pursuant to section (b)(6) and (b)(7)(c) of
the Freedom of Information Act, 5 U.S.C.§ 552.

     On the contrary, the subject of request Deana Hubbard was
a witness for the Government in the case of Anthony Scales v.
United States, Case No. 99-4416. In that case I was the defendant
whom Deana Hubbard testified against on behalf of the Government.

     Once Miss Hubbard testified, the prosecuting attorney was
obligated in accordance with Brady and Gigglio to turn over
to the attorney for the defense, all records on convictions
pertaining to her, to potentially be used by the defense for
impeachment purposes. These records would include the information
I now request, any promises that was made to Miss Hubbard BY
the Government to assist her on any pending cases whether state
or federal in exchange for her testimony against me in the re-
ferenced case.

     Deana Hubbards privacy interest is out weighed by great
public interest in shedding light on possible prosecutor mis-
conduct by withholding the requested information that should
have been disclosed prior to trial. This information could have
been weighed by the jury to consider her propensity to be a
truthful witness.

OFFICE OF INFORMATION
AND PRIVACY

MAR 1 0 2006

**RECEIVED**

GOVERNMENT
EXHIBIT
C

In light of the facts involved that obviously was not considered when the determination on disclosure was made, the Executive Office of United States Attorneys has not justified it's withholding under 5 U.S.C.§ 552a or section (b)(6) and (b)(7)(c) of the Freedom of Information Act 5 U.S.C.§ 552.

Wherefore, I respectfully request that the denial of my FOIA request be re-evaluated and to have the portions that are segregable and exempt be deleted to insure that an un-warranted invasion of privacy not accure and the remainder disclosed as requested. Respectfully submitted.

Sincerely,

Anthony Scales

U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642

Washington, D.C. 20530

RECEIVED

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

OCT 30 2006

Mr. Anthony Scales
Register No. 11302-083
United States Penitentiary
Post Office Box 2068
Inez, KY  41224

Re:     Appeal No. 06-1437
        Request No. 06-74
        BVE:GLB:CL

Dear Mr. Scales:

       You appealed from the action of the Executive Office for United States Attorneys
(EOUSA) on your request for access to a copy of any "cooperation agreement" between the
government and Deanna Hubbard.

       After carefully considering your appeal, I am affirming EOUSA's action in refusing to
confirm or deny the existence of any such record as you requested. Without consent, proof of
death, official acknowledgment of an investigation, or an overriding public interest, confirming
or denying the existence of law enforcement records concerning an individual could reasonably
be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C.
§ 552(b)(7)(C); see also id. § 552(b)(7)(D).

       If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                              Sincerely,

                              Daniel J. Metcalfe
                              Director

GOVERNMENT
EXHIBIT
12