UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ANTHONY SCALES,

    Plaintiff,

v.                              Civil Action No. 07-71(HHK)

EXECUTIVE OFFICE FOR UNITED

STATES ATTORNEYS,

    Defendant.

RESPONSE TO MOTION FOR SUMMARY JUDGMENT

    Plaintiff, Anthony Scales, pursuant to Federal Rule of Civil Procedure 56 (d), replies to the motion for summary judgment filed and served by the defendant in this action and shows that the defendant is not entitled to a summary judgment for all the following reasons:

THE SHOWING ON THE MOTION IS INSUFFICIENT

    In order to obtain summary judgment, the defendant must establish both that there is no genuine issue as to any relevant fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The defendants showing as to these matters is defective because:

    The defendant's motion depends on establishing as an undisputed fact, that the plaintiff requested all documents that relate to any "agreement made by [the U.S. Attorneys' Office for the Eastern District of Virginia (Alexandria

RECEIVED
JUL 11 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Division)] to provide assistance to Deana Hubbard 'AKA Deana Bartlett' for charges in Charlottesville, VA and Oregon in exchange for her testimony in the case of U.S. v. Scales, No. 98-114-A." (See Statement of Undisputed facts.Id. 2). The defendants argument that the information requested by the plaintiff is exempt from disclosure relies on a showing that plaintiff had failed to meet the high standards set forth in NARA v. Favish, 124 U.S. 1570 (2004), with regards to the public interest in disclosure because he had neither alleged nor had it shown any government impropriety in connection with the criminal prosecution. (See Stearns Decl. 6-7 & Ex.G.) On the contrary, plaintiff in his appeal of the EOUSA's denial of his FOIA request, asserted that the government did not meet its obligation in accordance with Brady v. Maryland and Gigglio, to turn over to the attorney for the defense all records pertaining to Deana Hubbard to potential be used to impeach her with once she takes the stand and testifies under oath. These records would include the information plaintiff now requests. (See Comp. Ex.- C).

THE EOUSA HAS NOT JUSTIFIED
NONDISCLOSURE, PURSUANT TO
EXEMPTION (b)(7)(C)

Exemption (b)(7)(C) protects from disclosure records or information compiled for law enforcement purposes, if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The EOUSA contends that the USAO compiled all of the information contained in the responsive criminal prosecution file and the Victim /Witness

file for the law enforcement purpose of prosecuting Mr. Scales in a criminal case. (See Decl. of Dione J. Stearns. - 13&14). It is well recognized that individuals have a strong privacy in law enforcment records. For this reason, The names and identifying information about third parties who are mentioned in law enforcement records are wihheld. But see David v. Unite States Dep't of Justice, 968 F. 2d 1276 (D.C. Cir. 1992) at 1279-1280, the government can not rely on an otherwise valid exemption claim that has been "officially acknowledgd" or is in the "public domain." quoting Afshar v. Department of State, 702 F. 2d 1125, 1130-34 (D.C. Cir. 1983); accord Fitzgibbon v. CIA, 911 F. 2d 755, 765-66 (D.C. Cir. 1990). In this case, it is undisputed that the subject of the request Deana Hubbard testified at a public trial and had acknowledged that she had been charged in Charlottesville, Virginia and Oregon with forgery of checks she had stolen from Anthony Scales. (see Decl. of Anthony Scales, Attached Exhibit-A) The jurors in that case which represents the public, had an interest and the right to know whether the government had promised or given Ms. Hubbard something of value as in this particular case "assistance", by communicating with law enforcement and the Court on her behalf, in exchange for her testimony in the criminal case against Scales.

For all the reasons set forth above, the plaintiff request that the defendant's motion for summary judgment be denied. The opposition is based on this document, and on the response to the defendant's Statement of Uncontested Facts, and on the additional affidavit described above. Including the

3.

exhibit attached to that affidavit, all of which are served and filed with this opposition.

Dated: July 3, 2008

Respectfully submitted,

*Anthony Scales*
Anthony Scales, Pro se
#11302-083
USP Tucson
P.O. Box 24550
Tucson, AZ 85756

4.

## CERTIFCATE OF SERVICE

I, Anthony Scales the plaintiff, hereby declare under penalty of perjury that on this 3rd day of July, 2008, I placed in a legal envelope, a copy of enclosed Response to Defendant's Motion for Summary Judgment and Declaration of A. Scales, sealeed it and hand delivered it to authorized prison staff to be mailed, U.S. Postage pre-paid, to the following:

Harry B. Roback, AUSA

United States Attorney

555 4th Street, N.W.

Washington, D.C. 20530

*Anthony Scales*
Anthony Scales

#11302-083

USP Tucson

P.O. Box 24550

Tucson, AZ 85756

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ANTHONY SCALES,

    Plaintiff,

v.                                Civil Action No. 07-71 (HHK)

EXECUTIVE OFFICE FOR UNITED

STATES ATTORNEYS,

    Defendant.

DECLARATION OF ANTHONY SCALES

    I, Anthony Scales declare under penalty of perjury, the followong to be a true and correct statement of facts:

    1. I am the plaintiff in the above captioned civil action.

    2. By letter request dated January 4,2006 to the Defendant Executive Office For United States Attorneys (hereinafter "EOUSA"), plaintiff requested all records in connection to the agreement made by the U.S. Attorneys' office to provide assistance to Dean Hubbard"AKA"Deana Bartlett for charges in Charlottesville, Virginia and Oregon in exchange for her testimony in the case of U.S. v. Scales No. 98-114-A. (See Compl. Ex.- A).

    3. By letter dated January 25,2006, the EOUSA denied plaintiff's request citing Exemptions (b)(6) and (b)(7)(C) of the FOIA, after having determined that the subject of plaintiffs request (Deana Hubbard) is considered a third party and the release of the records concerning her would result in an unwarranted invasion of personal privacy. (See Compl. Ex.-

B).

4. By letter dated February 28,2006, plaintiff filed an appeal to OIP wherein he asserted that contrary to defendants contention, the subject of the request was a witness for the Government in the case of Anthony Scales v. United States, Case No. 99-4416. (mis-print should have read 98-114-A)(See Compl. Ex.- C)

5. On August 3,1998, the subject of plaintiffs request (Deana Hubbard) took the witness stand on behalf of the Government in the case of Scales v. U.S., Case No. 98-114-A. While under direct examination by the Governemnt, (in pertainant part) testified in the following manner:

Q. Now, Miss Hubbard, let me ask you a question. You have conviction during the time you were in Oregon for second degree forgery, isn't that right?

A. Yes.

Q. Are you currently on probation for that offense?

A. Yes, I am.

Q. And you also have a pending case in Charlottesville where you're charged with forgery and uttering, is that right?

A. Yes.

Q. And that case hasn't gone to trial yet, right?

A. Yes.                    (Tr. 391)

Q. Do you Know What you supposedly did wrong that led you to being charged in Charlottesville?

A. Yes.

Q. What was that?

A. I wrote some checks.

2.

Q. Were they good checks?

A. No.

Q. Whose were they?

A. They were Anthony's.

Q. Anthony Scales?

A. Yes.

Q. Why did you do that?

A. I was tired of him. All I wanted to do was get out of town.(See Attached Exhibit-A).

6. Even if the EOUSA presents evidence that the information in question was "compiled for law enforcement purposes" the EOUSA must establish tha the specific harm described by Exemption 7 (C) exists, that the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy", which in this case the EOUSA has failed to do based upon consideration of the facts presented herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this **3rd** day of **July**, 2008

*Anthony Scales*
Anthony Scales, Pro se
#11302-083

3.

# TABLE OF CONTENTS

## VOLUME I

Appendix Page

Criminal Docket Entries .................................................................................. 1

Grand Jury Superseding Indictment issued March 19, 1998 ......................... 21

Transcript of Motions Hearing held before the Honorable Claude
   M. Hilton on April 27, 1998 ...................................................................... 33

Transcript of Motions Hearing held before the Honorable Leonie
   M. Brinkema on July 27, 1998 .................................................................. 46

Transcript of Trial Proceedings held before the Honorable T.S.
   Ellis, III on August 3, 1998 ........................................................................ 88

   Testimony of William Bunney ................................................................ 280

      Direct Examination ............................................................................ 280
      Cross Examination ............................................................................. 316

   Testimony of James A. Craige ................................................................ 321

      Direct Examination ............................................................................ 321
      Cross Examination ............................................................................. 348

   Testimony of Jessie Harman .................................................................... 352

      Direct Examination ............................................................................ 352
      Cross Examination ............................................................................. 363

   Testimony of Deana Hubbard ................................................................. 365

      Direct Examination ............................................................................ 365
      Cross Examination ............................................................................. 403
      Redirect Examination ......................................................................... 408

```
 1          A    Yes, in Charlottesville on Main Street.
 2          Q    Was he going to leave the vehicle at
 3   the U-Haul?
 4          A    Yes.
 5          Q    Which one?
 6          A    His Isuzu Trooper.
 7          Q    Now, Miss Hubbard, let me ask you just
 8   a couple of other questions.  You have a
 9   conviction during the time that you were in
10   Oregon for second degree forgery, isn't that
11   right?
12          A    Yes.
13          Q    Are you currently on probation for
14   that offense?
15          A    Yes, I am.
16          Q    And you also have a pending case in
17   Charlottesville where you're charged with
18   forgery and uttering, is that right?
19          A    Yes.
20          Q    And that case hasn't gone to trial
21   yet, right?
22          A    Yes.
```

```
1         Q    Are you aware what the allegation is
2    in that case?
3         A    Say that, again?
4         Q    Are you aware of what the charge is
5    about in that case?
6         A    No.
7         Q    Do you know what you supposedly did
8    wrong that led you to being charged in
9    Charlottesville?
10        A    Yes.
11        Q    What was that?
12        A    I wrote some checks.
13        Q    Were they good checks?
14        A    No.
15        Q    Whose were they?
16        A    They were Anthony's.
17        Q    Anthony Scales?
18        A    Yes.
19        Q    Why did you do that?
20        A    I was tired of him.  All I wanted to
21   do was get out of town.
22             MR. WHITE:  Marshal, if I could ask
```