UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY SCALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-71 (HHK) |
| | ) |
| EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, | ) ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Scales makes two arguments in response to the EOUSA's Motion for Summary Judgment in this FOIA case, neither of which has merit. First, Scales contends that Hubbard waived her privacy interest in information related to her alleged criminal wrongdoing when she admitted in open court that charges were pending against her. (Opp. at 2-3.) However, a third-party's acknowledgment that she has been accused of wrongdoing does not vitiate that person's privacy interest in information relevant to such allegations.[1] *See, e.g.*, *Kimberlin v. Dep't of Justice*, 139 F.3d 944, 949 (D.C. Cir. 1998) (holding that a person did not waive his privacy interest when he disclosed "who he is [and] what he was accused of[.]"); *Butler v. DEA*, 2006 WL 398653 at * 4-5 (D.D.C. Feb. 16, 2006) (holding that witnesses still had privacy interest even though they had cooperated with the DEA by testifying against the FOIA plaintiff at his criminal trial).

Second, Scales contends that the public has an interest in the disclosure of information

---

[1] Scales's reliance on *Davis v. United States*, 968 F.2d 1276, 1279 (D.C. Cir. 1992) and *Afshar v. Dep't of State*, 702 F.2d 1125, 1129-31 (D.C. Cir. 1983) is misplaced. In *Davis* and *Afshar*, the court simply noted that the government cannot withhold "specific" information that has already been made publicly available. Here, Scales does not assert that the EOUSA is withholding documents that have previously been made publicly available.

relating to Hubbard because it might show that "the government did not meet its obligation in accordance with *Brady v. Maryland*"' during his criminal trial. (Opp. at 2.) But Scales's unsupported assertion of government wrongdoing falls far short of meeting the "much higher" standard set forth by the Supreme Court in *National Archives and Records Administration v. Favish*, 541 U.S. 157, 174 (2004). *See Valdez v. Dep't of Justice*, 474 F. Supp.2d 128, 133 (D.D.C. 2007) ("Absent evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred, . . . [the plaintiff] fails to demonstrate a public interest to outweigh [the third-party's] privacy interest.") (internal quotations omitted); *Butler*, 2006 WL 398653 at * 5 ("Beyond bald assertions of misconduct, plaintiff has produced no evidence to support his claim of government misconduct. Thus, the Court finds that the plaintiff's proffered public interest does not outweigh the privacy interests of the third-parties.")

        Respectfully submitted,

        JEFFREY A. TAYLOR , D.C. Bar # 498610
        United States Attorney

        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Assistant United States Attorney

        /s/ Harry B. Roback
        HARRY B. ROBACK, D.C. Bar # 485145
        Assistant United States Attorney
        United States Attorneys Office
        555 4th Street, N.W.
        Washington, D.C. 20530
        Tel: 202-616-5309
July 24, 2008        harry.roback@usdoj.gov