# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY SCALES,<br><br>    Plaintiff,<br><br>    v.<br><br>EXECUTIVE OFFICE OF THE UNITED STATES ATTORNEYS,<br><br>    Defendant. | Civil Action No. 07-0071 (HHK) |

## MEMORANDUM OPINION

Plaintiff Anthony Scales filed this suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The defendant, the Executive Office of the U.S. Attorneys, filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law, summary judgment will be granted for the defendant.

Background

Plaintiff submitted a FOIA request for information, documentation, and all materials related to the "documented agreement made by the . . . U.S. Attorneys' Office [for the E.D. Va., Alexandria Division] to provide assistance to Deana Hubbard, A/K/A Deana Bartlett, for charges in Charlottesville, Va and Oregon in exchange for her testimony in the case of *U.S. v. Scales,* No. 98-114-A." (Decl. of Dione J. Stearns, Apr. 29, 2008 ("Stearns Decl."), filed in support of Def.'s

Mot. for Summ J., Ex. A.) Plaintiff is currently incarcerated pursuant to the conviction and sentence in *U.S. v. Scales*, No 98-114-A.

In response to plaintiff's FOIA request, the defendant informed plaintiff that it was invoking FOIA Exemption 7(C), among enumerated other exemptions, and that without a privacy waiver from Hubbard or proof of her death, it would not confirm or deny the existence of any responsive records because of the potential stigma attached to any such response.[1] It further advised that, if plaintiff so requested, any responsive records already in the public domain would be released to him. (*See* Stearns Decl. Ex. B.) Plaintiff does not claim that he made a request for responsive public records. The defendant's determination was affirmed on appeal. (*See* Stearns Decl. Ex. D.) This suit followed.

## Discussion

Summary judgment may be granted only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Burke v. Gould,* 286 F.3d 513, 517 (D.C. Cir. 2002). A material fact is one that is capable of affecting the outcome of the litigation. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," *id.,* as opposed to evidence that "is so one-sided that one party must prevail as a matter of law." *Id.* at 252. A court considering a motion for

---

[1] Such a response is commonly referred to as a "Glomar" response, named for the subject about which the CIA refused to confirm or deny the existence of any records because of what that would reveal. *See Phillippi v. CIA,* 546 F.2d 1009 (D.C. Cir. 1976).

summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant. *Id.* at 255.

In a FOIA suit, an agency is entitled to summary judgment once it bears its burden of demonstrating that no material facts are in dispute and that all information that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. Dep't of Justice,* 627 F.2d 365, 368 (D.C. Cir. 1980). A court may award summary judgment to a FOIA defendant solely on the basis of information provided by the department or agency in sworn statements with reasonably specific detail that justify the nondisclosures, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith. *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C. Cir.1981). To successfully challenge such a showing by the defendant agency, the plaintiff party must do more than merely establish some "metaphysical doubt;" rather, the plaintiff must come forward with "specific facts" demonstrating a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).

Here, the defendant has filed a sworn statement attesting that all the requested information is exempt from disclosure under FOIA Exemption 7(C). (*See* Stearns. Decl.) Section 7(C) exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." § 552(b)(7)(C). In order to properly withhold materials under this exemption, the defending

agency must establish both (1) that the information requested was compiled for law enforcement purposes and (2) that its disclosure would involve an unwarranted invasion of a third party's privacy. *Pratt v. Webster,* 673 F.2d 408, 413 (D.C. Cir. 1982). The plaintiff does not dispute that the information he seeks was compiled for law enforcement purposes. (*See* Opp'n at 2-3.) Thus, the only issue in dispute is whether the disclosure of the requested information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

Given the nature of law enforcement records, the individual's "privacy interest at stake is substantial." *SafeCard Serv., Inc. v. S.E.C.*, 926 F.2d 1197, 1205 (D.C. Cir. 1991); *see also Bast v. U.S. Dep't of Justice,* 665 F.2d 1251, 1254 (D.C. Cir. 1981) (holding that, in light of the stigma potentially associated with law enforcement investigations, Exemption 7(C) affords broad privacy rights to suspects, witnesses and investigators). Indeed, an agency may resort to a "Glomar" response "if confirming or denying the existence of the records would associate the individual named in the request with criminal activity." *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 893 (D.C. Cir. 1995). Given the significant individual privacy interest, disclosure of 7(C) material is warranted only when the individual's interest in privacy is outweighed by the public's interest in disclosure. *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 776 (1989) (requiring court to "balance the public interest in disclosure against the interest Congress intended [Exemption 7(C) ] to protect"); *Beck v. Dep't of Justice,* 997 F.2d 1489, 1491 (D.C. Cir. 1993). And specifically,

> where there is a privacy interest protected by Exemption 7(C) and the public interest being asserted is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure. Rather, the

requester must produce evidence that would warrant a belief by a reasonable
person that the alleged Government impropriety might have occurred.

*Nat'l Archives & Records Admin. v. Favish,* 541 U.S. 157, 174 (2004).

Plaintiff acknowledges that individuals have a strong privacy interest in law enforcement records, but argues that the government cannot rely on an otherwise valid exemption claim where the information is in the public domain or officially acknowledged.  (*See* Opp'n at 3.)  This argument is correct only to the extent that the information requested is already in the public domain.  The mere fact that Hubbard testified at trial, or that she acknowledged at trial that there were forgery charges pending against her at that time, does not constitute a waiver of her privacy rights to all other related information, as requested by the plaintiff.  *See Butler v. Drug Enforcement Admin.,* No. 05-1798, 2006 WL 398653, *4 (D.D.C. Feb. 16, 2006) (upholding a Glomar response even though third parties are known to requester and testified at plaintiff's criminal trial).  The defendant offered the plaintiff responsive records that were in the public domain, but the plaintiff implicitly declined the offer for public information.

In further support of his argument for disclosure, the plaintiff asserts that the possibility of a *Brady*[2] violation in his criminal case establishes a public interest in this information.  (*See* Opp'n at 3.)  This argument is both misplaced and ineffective.  It is misplaced because a *Brady* violation is a matter appropriately addressed to the court that sentenced the prisoner, not through a FOIA action.  *See Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear a convict's complaint regarding errors that occurred before or during sentencing).  It is ineffective because the plaintiff

---

[2] 373 U.S. 83 (1963) (holding that is a violation of due process for the prosecution to fail to disclose evidence favorable to an accused that is material to guilt or punishment).

here merely asserts the possibility of a *Brady* violation, without providing any supporting facts. Such a conclusory assertion does not give this Court any factual basis upon which to conclude that the plaintiff's interest outweighs the individual's legitimate privacy interest. The D.C. Circuit has made clear, in accord with the Supreme Court's decision in *Favish,* 541 U.S. 157, that a bald assertion of a *Brady* violation is insufficient to overcome the individual's privacy interests in the records at issue. *Oguaju v. United States,* 378 F.3d 1115, 1116-17 (D.C. Cir. 2004) (reaffirming its holding upon remand for reconsideration in light of *Favish*).

## CONCLUSION

The record in this case establishes that the defendant properly applied Exemption 7(C) to deny plaintiff's request for law enforcement records concerning criminal activity of a third party, and that the defendant's Glomar response was justified. The plaintiff has not made a showing that would support the conclusion that the government acted improperly with respect to his rights under *Brady*, and has not established a public interest sufficient to invade the privacy of the third party. *Oguaju*, 378 F.3d. at 1116. On this record, there is no genuine dispute of material fact and the defendant is entitled to judgment as a matter of law. A final order accompanies this memorandum opinion.

Date: February 2, 2009

/s/
HENRY H. KENNEDY, JR.
United States District Judge